IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DWIGHT A. KING, )
)
      Plaintiff, )
)
vs. ) Case No. 03 C 2177
)
NORMAN MINETA, Secretary, United )
States Department of Transportation, )
)
      Defendant. )

DOCKETED
AUG 1 6 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dwight A. King has sued the Secretary of Transportation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a) & (d); *id.* § 626(b), claiming that his employer, the Federal Aviation Administration, failed to promote him because of his age and in retaliation for a previous charge of age discrimination that he had filed. The Secretary has moved for summary judgment. For the reasons stated below, the Court grants the motion.

### Facts

The FAA hired King in 1968 at the Chicago Air Route Traffic Control Center in Aurora, Illinois. In 1995, King bid for a supervisory position, was denied, and made an administrative charge of age discrimination. In January 1997, the agency concluded that no discrimination had occurred.

In 1998, when King was 53, he bid for promotion to Supervisory Air Traffic Control Specialist Operations Supervisor. Forty-three applicants applied for the positions. Thirty-five, including King, made the best-qualified list. The applicants were rated and ranked by a panel,



and each of them was asked the same questions in an oral interview.

According to the FAA, Dianne Bebble, an Assistant Air Traffic Manger who had been assigned to the Aurora facility in 1997, made the final selections for promotion in early 1999. Bebble has stated by way of affidavit that she used the best-qualified list, supporting documents, the results of the interviews, supervisory recommendations, and her personal knowledge of the candidates. First and second-level supervisors at the Chicago Center provided Bebble with recommendations for particular candidates.

Bebble says she was looking for candidates who were familiar with the Chicago operation and had exhibited the potential to be strong supervisors through qualities such as leadership and people skills. She selected the candidates she believed had the highest potential to be effective supervisors. She wanted people who had the ability to confront situations when necessary; were well respected by their peers and upper management; had a willingness to learn and improve, the ability to lead, the ability to recognize and address poor performance; and supported FAA programs and policies.

With regard to King, Bebble stated in her affidavit that:

Mr. King's overall interview was "good." As with Mr. Meyers [another candidate], his response to the Traffic Management question was only OK, despite the fact his position at the time was in Traffic Management. However, where Mr. Meyers addressed supervisor interaction with Traffic Management, Mr. King did not. This was part of the question. Mr. King received 2 recommendations (the same as Mr. Mercker [another candidate] and less than all other selectees). There were two written justifications for the recommendations. They commented on Mr. King's experience, maturity and ability to deal with people. No mention was made of how he previously performed as a temporary supervisor. Mr. King was not recommended by the supervisors in Traffic Management for whom he worked.

Bebble Affid. ¶ 21.

2

Nine candidates were selected for promotion. These included both Mercker and Meyers, who are referenced in the passage from Bebble's affidavit quoted above, but not King. According to defendant, though King was a qualified candidate who had a good interview and considerable experience, based on the combination of the various factors considered by Bebble, she made the judgment that "other candidates were better qualified. *See id.* ¶¶ 11-21.

The ages of the nine persons originally selected for promotion ranged from 35 to 45. After one selected candidate declined the promotion, a replacement candidate, Dennis Jarnecke, age 54, was selected in his place. King points out that eight of the nine persons originally selected were more than ten years younger than he, relying on this as evidence that the agency discriminated against him based on his age. King contends that the selection of Jarnecke as a replacement was a sham to avoid a possible claim by King.

King also contends the FAA denied him the promotion in retaliation for filing the 1995 discrimination charge. He says that after he filed that charge, his subsequent scores on promotional bids dropped from a perfect 36 out of 36 to scores as low as 7 out of 36. King does not argue, however, that the drop in scores prevented him from being promoted in 1999. Rather, he contends that persons who were aware of his prior discrimination charge were involved in the selection process and determined not to promote him due to that prior charge.

**Discussion**

Under Rule 56(c), a court may grant summary judgment only if there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is considered "genuine" if a reasonable trier of fact could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

3

issue of material fact exists, we must view the facts in a light favorable to King, the non-moving party in this case, drawing reasonable inferences in his favor. *Celotex*, 477 U.S. at 322.

### A. Age discrimination claim

To succeed on a claim of age discrimination, King must show that the adverse employment action taken against him would not have occurred but for his age. *E.g., Miller v. Borden*, 168 F.3d 308, 312 (7th Cir. 1999). King can meet his burden either with direct evidence of discrimination or by proceeding under the indirect burden-shifting method set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Miller*, 168 F.3d at 312.

Under the direct method, King must present evidence of age discrimination that "will prove the particular fact in question without reliance on inferences or presumption." *Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 714 (7th Cir. 1999) (internal citations and quotations omitted). In this regard, King points to a statement supposedly made in a 1992 meeting indicating that officials at the Aurora facility did not like to promote older personnel because "it did not want to promote an older person within a year of retirement who would simply kick up his feet and watch the clock tick." In his memorandum, King attributes this statement to Ralph Davis, the manager of the facility. But in the supporting evidence King cites – a transcript of the administrative hearing on his claim – King attributed this statement to Dennis Burke, a former manager of the facility. *See* Hearing Tr. 23, 24. Because King has no evidence attributing the statement to Davis, the statement does not support his claim. Burke was not involved in the decision making process at issue in this case, and thus his comments do not constitute evidence of discrimination. *See, e.g., Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 576 (7th Cir. 2003). For this reason, King's attempt to survive summary judgment by way of direct evidence of

4

discrimination falls short of the mark.

Under the indirect method of proof, King must first set forth a prima facie case, which consists of four elements: he was at least 40 years old; he applied for a promotion and met the qualifications for the job; he was rejected; and someone substantially younger got the promotion. *See Rabinowitz v. Pena,* 89 F.3d 482, 486 (7th Cir. 1996). Defendant concedes that King has met these requirements. The burden therefore shifts to defendant to come forward with evidence of a legitimate non-discriminatory reason for its actions, which defendant has done by way of Bebble's affidavit. The burden therefore returns to King to attempt to show that the FAA's explanation for its actions is a pretext for discrimination. *Id.* at 487.

Defendant argues that King cannot show that the proffered reason for denying him the promotion – that he was less qualified than those who were selected – is a pretext for discrimination. To survive summary judgment, King must offer evidence from which a reasonable jury could conclude that this reason was pretextual, that is, a lie or a phony reason. *See, e.g., Baron v. City of Highland Park,* 195 F.3d 333, 341 (7th Cir. 1999). King can do this either directly, with evidence suggesting that age discrimination was the most likely motive for the termination, or indirectly, by showing that Bebble's proffered reasons were not believable. *See, e.g., Wolf v. Buss (America) Inc.,* 77 F.3d 914, 919 (7th Cir. 1996). The indirect method requires evidence that Bebble's explanation has no basis in fact, was not the "real reason" for her actions, or was insufficient to warrant denying King the promotion. *Baron,* 195 F.3d at 341.

King contends that recommendations by supervisors were made "willy nilly" and that Bebble never investigated the recommendations to determine why applicants were or were not recommended. But without evidence that someone in the decision making chain acted with

5

discriminatory animus (direct evidence) or gave a phony reason for not recommending King (indirect evidence) – evidence that King does not offer – he cannot attack Bebble's supposedly blind reliance on the supervisory recommendations.

King claims that Davis was the person ultimately responsible for the selection process. But the only evidence he offers to support this claim is Bebble's testimony at the administrative hearing that in general, someone in her position does not make unilateral decisions without discussing them with the facility manager, and her testimony that she probably told Davis who she had selected. No evidence has been offered to suggest that Davis had any role in the promotional decisions; Bebble flatly denied in her testimony that he had any role, and King has offered no evidence to refute this. But even if such evidence existed, it would not help King's case absent evidence of discriminatory animus on Davis' part, which is absent from King's submission.

King contends that the selection of Jarnecke was made to undermine his discrimination claim. Even if this were true, it is unclear how it would help King's case; the question is whether King has evidence from which a reasonable jury could find that he was denied the promotion based on his age, not whether someone else of a similar age should have been promoted. In any event, however, King has failed to support his contention about Jarnecke's selection.

Finally, King contends that Bebble has changed her story regarding the decision making process. If true, that might constitute evidence from which a jury could find Bebble's stated reason pretextual. *See Zaccagnini v. Chas. Levy Circulating Co.,* 338 F.3d 672, 678 (7th Cir. 2003). In her affidavit, Bebble states that a particular second-level supervisor came to her and offered Jarnecke's name as a substitute for the candidate who withdrew, saying that he had

discussed the matter with other second-level supervisors and they concurred. King argues that this contradicts Bebble's testimony at the administrative hearing, but having reviewed the testimony submitted by King, the Court sees no conflict of any substance.

For these reasons, defendant is entitled to summary judgment on King's age discrimination claim.

**B.    Retaliation claim**

On his retaliation claim, King can, once again, use either direct or indirect evidence. To survive summary judgment using the direct method, "the plaintiff must present direct evidence of (1) a statutorily protected activity; (2) an adverse employment action taken by the employer; and (3) a causal connection between the two." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 728 (7th Cir. 2002). "Direct evidence is defined the same for discrimination and retaliation claims-- that is, it can be an admission of intentional discrimination or a 'mosaic' of circumstantial evidence that directly points to a discriminatory intent." *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 786 (7th Cir. 2004).[1]

King engaged in protected activity by filing his earlier discrimination charge, and he suffered an adverse action when his promotion bid was denied. Defendant argues that King has produced no evidence of a causal link between the two; it points to Bebble's uncontradicted statement that she had no knowledge of King's earlier complaint. King argues that Davis was aware of the earlier charge, but as discussed above, he has produced no evidence that Davis was part of the decision making process concerning the promotions (Bebble's statement that she

---

[1] Although *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640 (7th Cir. 2002), appeared to do away with the "causal link" test, the Seventh Circuit has continued to use that language in describing how one proves retaliation by direct evidence. *See Sitar*, 344 F.3d at 728.

7

advised Davis of her decisions does not suggest he had a role in making those decisions). King likewise contends that Becker, who recommended Jarnecke, was aware of King's earlier charge, but again he has offered no evidence to support this contention. In any event, the interval of nearly four years between King's 1995 complaint and the 1999 promotion decision undermines any claim of a causal connection. *See, e.g., Goetzke v. Ferro Corp.*, 280 F.3d 766, 775 (7th Cir. 2002) (one-year lapse between filing for benefits and discharge does not support an inference of retaliatory intent). Thus under the direct method, King's claim fails.[2]

To survive summary judgment based on the indirect method, King must set forth a prima facie case, consisting of four elements: he engaged in protected activity; he met the employer's expectations for the job he had or hoped to get; he nonetheless suffered adverse action; and he was treated less favorably than at least one similarly situated employee who did not engage in protected activity. *Sitar*, 344 F.3d at 728. It appears undisputed that King has satisfied these requirements (the alleged similarly situated person is Jarnecke). The defendant has articulated a non-retaliatory reason for promoting Jarnecke as well as the others rather than King, so we proceed directly to the question of whether the defendant's stated reason is pretextual. *See Haywood v. Lucent Techs.*, 323 F.3d 524, 531 (7th Cir. 2003). In that regard, King's argument is the same as the one the Court rejected with regard to his age discrimination claim: that Davis must have played a role in the decision process, and that Bebble is not to be believed. As stated above, King has offered no evidence from which a jury could find in his favor on these points

---

[2] King points to a statement made to him in 1995 by a Mr. Lenzini, to the effect that once someone initiates litigation against the FAA, the FAA takes a "hands-off attitude" towards promoting that person. He has offered no evidence, however, that Lenzini had any role in the promotion process at issue in this case and no basis upon which the Court can ascertain Lenzini's basis for making this accusation, one of the prerequisites to determination of its admissibility.

8

and no other evidence from which pretext reasonably could be inferred.

For these reasons, defendant is entitled to summary judgment on King's retaliation claim.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment [docket # 10-1]. The Clerk is directed to enter judgment in favor of the defendant. The trial date of January 3, 2005 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 13, 2004